ROY LYONELL ELSEA,

   Plaintiff

vs.

JIM HAMMOND, SHERIFF OF HAMILTON COUNTY, in his individual capacity, HAMILTON COUNTY, and ZACHARY CASTEEL, TIMOTHY DENTON, GENE PLANER, and CHRISTIAN KAYLER-ROACH, in their individual capacities,

   Defendants

No: 1:17-cv-00176-TRM-SKL
(McDonough/Lee)
JURY DEMAND

## THIRD AMENDED COMPLAINT

**COMES** the Plaintiff, Roy Lyonell Elsea, by and through counsel, and files this Third Amended Complaint, against the Defendants, and would respectfully show unto the Court as follows:

1. The Plaintiff, Roy Lyonell Elsea, is a resident of Meigs County, Tennessee.

2. Defendant, Hamilton County, Tennessee (hereinafter "Defendant Hamilton County"), is a governmental entity created and existing in the State of Tennessee. This Amended Complaint will be provided by certificate of service to counsel who previously appeared and filed an Answer on behalf of Hamilton County in this cause.

3. Defendant, Jim Hammond (hereinafter "Defendant Hammond"), is the Sheriff of Hamilton County, Tennessee, at all times relevant to this action. Defendant Hammond may be served with process at 600 Market St. G10, Chattanooga, TN 37402.

1

4. Upon information and belief, Defendants, Zachary Casteel, Timothy Denton, Gene Planer, and Christian Kayler-Roach, (hereinafter "the Jailers"), are employees of the Hamilton County Jail. The Jailers may be served with process at 601 Walnut St., Chattanooga, TN 37402.

5. Jurisdiction is proper in this court pursuant to T.C.A. § 16-10-101 *et seq.* Venue is proper pursuant to T.C.A. § 20-4-101.

6. Defendant Hamilton County, previously incorrectly named as "Hamilton County Jail and Administration" is the governmental entity responsible for the administration of the Hamilton County Jail, and is liable for the negligence of its employees, acting within the scope of their employment, as provided by Tennessee Code Annotated § 29-20-205. Defendant Hamilton County has a duty pursuant to Tennessee Code Annotated § 41-4-115 to provide adequate medical care to the inmates at its jail facility.

7. Defendant Hammond is a citizen and resident of Hamilton County, Tennessee. At all times material to this cause, Defendant Hammond was the duly elected Sheriff of Hamilton County. Defendant Hammond was responsible for the administration of the Hamilton County Jail, which included the training and supervision of jailers at the jail facility, and for promulgation and administration of policies and procedures to ensure adequate care was provided to inmates at the facility, and to ensure humane treatment of all inmates. Defendant Hammond is hereby sued in his individual capacity. Further Defendant Hammond is civilly responsible for the acts of the jailers, including the Defendants collectively referred to as "the Jailers", pursuant to Tennessee Code Annotated § 41-4-101.

8. Upon information and belief, the Jailers were employed as jailers within the Hamilton County Sheriff's Department at all times relevant hereto. Said Defendants were

individuals responsible for the operation of the Hamilton County Jail and implementation of the Sheriff Department's policies and procedures for the jail. The Jailers are hereby sued in their individual capacities for their actions in this cause.

## FACTS

9. On or about March 19, 2016, Plaintiff was arrested and transported to the Hamilton County Jail.

10. While being held in the Hamilton County Jail, Plaintiff was assaulted by the Jailers who used excessive force, striking and kicking the Plaintiff and slamming his head onto the concrete floor, causing multiple injuries, including a tibial plateau fracture of Plaintiff's right leg, injury to his right knee, as well as other injuries.

11. Plaintiff, who was unable to stand following the assault, was provided no medical care until several hours later. Plaintiff was transported to Erlanger Medical Center where he underwent surgery to repair his right leg which included installation of hardware to treat the injury.

12. Plaintiff was eventually returned to the Hamilton County Jail. However, he was provided neither the medication nor the physical therapy prescribed by his treating doctor.

13. As a result, in part, of the failure to provide the Plaintiff adequate medical treatment, Plaintiff was forced to undergo a second surgery to remove the hardware due to an infection. It is anticipated the Plaintiff will require further treatment in the future for his injuries.

14. In addition to the physical injuries, the Plaintiff suffered emotional injuries as a result as well.

15. Plaintiff avers there were practices, policies, and/or customs in place within the Hamilton County Sheriff's Department whereby employees, agents, and/or servants including

3

the Jailers would (1) use excessive force and intimidation on citizens, including the Plaintiff; and (2) violate the rights guaranteed to the citizens, including the Plaintiff, under both the Constitutions of the State of Tennessee and the United States of America.

16. Said practices, policies, and customs were adopted, ratified and/or encouraged by Defendant Hamilton County and/or Defendant Hammond, in his individual capacity; and constitutes practices, policies, and/or customs deliberately indifferent to the constitutional rights of the Plaintiff. Specifically, the Jailers at the jail were directly and personally involved in the unconstitutional conduct alleged by the Plaintiff. Moreover, Plaintiff avers that the actions of the Jailers were willful and malicious. Defendant Hammond had personal involvement and/or personally authorized, approved, and/or knowingly acquiesced in the unconstitutional and/or negligent actions of his subordinates.

17. In addition to the violation of his constitutional rights, the Plaintiff also brings suit for violation of state law, including, but not limited to, assault, battery, and negligent training, hiring, and supervision.

## CAUSES OF ACTION

### 42 U.S.C. § 1983 CONSTITUTIONAL DEPRIVATIONS

18. Plaintiff incorporates by reference all of the preceding paragraphs of the Amended Complaint, as if set forth fully herein.

19. The Jailers were at all times pertinent to this cause of action employed by Defendants Hamilton County and/or Hammond as jailers and were responsible for implementation of all applicable laws, regulations, and policies of the Hamilton County Jail including, but not limited to, laws, regulations, and policies relating to, among other things: (1) using excessive force and intimidation on citizens, including the Plaintiff; and (2) failing to

4

provide adequate medical care to individuals being held at the Hamilton County Jail. Moreover, the Jailers were directly and personally involved in the unconstitutional conduct alleged by the Plaintiff, and the actions and/or inactions of the Jailers at the jail were willful, malicious, and deprived the Plaintiff of rights, privileges, and/or immunities secured to him by the United States Constitution, federal statute, or other federal law, and said Defendants did so while acting under color of law.

20. Defendant Hammond was at all times relevant to this cause of action, the Sheriff of Hamilton County, and was responsible for the implementation of all applicable laws, regulations, and policies at the Hamilton County Jail including, but not limited to, laws, regulations, and policies relating to, among other things (1) using excessive force and intimidation on citizens, including the Plaintiff; and (2) failing to provide adequate medical care to citizens, including the Plaintiff, being held at the Hamilton County Jail. Further Defendant Hammond was aware there were areas of Hamilton County Jail were not within surveillance zones of video cameras and that jailers routinely assaulted prisoners in those areas. Moreover, Defendant Hammond had personal involvement and/or personally authorized, approved, and/or knowingly acquiesced in the unconstitutional conduct of the jailers, including the Defendants collectively referred to as the Jailers, and/or encouraged the specific incidents of misconduct; and the actions of Defendant Hammond were willful and malicious and deprived the Plaintiff of rights, privileges, and/or immunities secured to him by the United States Constitution, federal statute, or other federal law. Defendant Hammond was acting under color of law.

21. Defendants Hamilton County and/or Hammond sanctioned, ordered, knew about; and/or acquiesced in the foregoing official policies and/or customs attributable to Hamilton County and/or Defendant Hammond, and caused the violations herein.

5

22. Further additional policies and/or customs attributable to the Defendants Hamilton County and/or Hammond that were violated, which led to the Plaintiff's injuries as a result of the Defendants' unconstitutional conduct, were, among others:

    (a) Defendants Hamilton County and/or Hammond violated their duty of care to the Plaintiff to ensure that their agents were properly trained in the use of force, and to report officer abuse of citizens and said failures constitute a policy, practice, and/or custom of deliberate indifference;

    (b) Defendants Hamilton County and/or Hammond had a policy, practice, and/or custom of improperly investigating citizen complaints of jailer misconduct, and said failures constitute a policy, practice, and/or custom of deliberate indifference;

    (c) Defendants Hamilton County and/or Hammond maintained a policy, practice, and/or custom of failing to properly train its supervisory personnel with regard to prevention of use of excessive force and to properly train their jailers in not using excessive force. Such failures constitute a deliberate indifference to the public at large and the Plaintiff. Consequently, the actions stated in this Complaint created an environment that allowed the Jailers to believe their abusive behavior would not be properly monitored, investigated nor punished; and

    (d) Defendants Hamilton County and/or Hammond had a policy, practice, and/or custom of failing to provide needed medical care to the citizens who were being held at the Hamilton County Jail, and said failures constitute a policy, practice, and/or custom of deliberate indifference.

23. Such actions and omissions on the part of all of the Defendants constitute a conspiracy to deprive the Plaintiff of the following rights established by the Constitution of the United States:

(a) The right to be free from the infliction of cruel and unusual punishment as secured to him by the Eighth Amendment; and

(b) The right not to be deprived of life, liberty, or property without due process as secured to him by the Fourteenth Amendment.

24. The acts and omissions of the Defendants are not *ex officio* duties nor services because they were required by the Constitution and Statute. In addition, the customs and/or policies were so permanent and well settled as to constitute a custom and/or usage with the force of law. The execution of said policies and/or customs may fairly be said to represent official policy.

25. That the actions and omissions of all of the Defendants under 42 U.S.C. § 1983 including, but not limited to, using excessive force in violation of the Eighth and Fourteenth Amendments were unreasonable, and performed knowingly, deliberately, intentionally, maliciously, with gross negligence, callousness, and reckless and/or deliberate indifference to the Plaintiff's well-being, and in disregard to the Plaintiff's safety, with wanton intent for the Plaintiff to suffer the unnecessary and intentional infliction of pain; failure to intervene to avoid, among other things, use of excessive force, assault and battery; and as to Defendants Hamilton County and/or Hammond, failure to properly train, supervise, hire, develop, and implement policies so that citizens would not be assaulted. By reason of all of these, the Plaintiff is entitled to compensatory damages.

26. That the conduct of each of the Defendants deprived the Plaintiff of his clearly established rights, privileges, and immunities, in violation of, among others, the Eighth and Fourteenth Amendments to the Constitution of the United States and of 42 U.S.C. § 1983, as set forth throughout this Amended Complaint, and deprived Plaintiff of a fundamental right of being free from being assaulted and battered.

27. Under 42 U.S.C. § 1983, a person has a federal cause of action for money damages against an individual acting under color of state law who deprives another of rights, privileges, or immunities secured by the United States Constitution and federal laws. In this case, all of the Defendants were acting under color of law.

28. The due process clause of the Fourteenth Amendment prohibits the individual Defendants complained of herein from using excessive force against an inmate of the Hamilton County Jail.

29. Excessive force under the Fourteenth Amendment is objectively unreasonable conduct that, given the facts and circumstances, would "shock the conscious" and amount to an arbitrary exercise of governmental power. Upon information and belief, either one or more of the Jailers transported the Plaintiff to a cell using excessive force, including striking and kicking the Plaintiff, and slamming his head against the floor. This conduct is utterly reprehensible and truly shocks the conscious.

30. Any reasonable observer, given the facts and circumstances of this incident would come to the inescapable conclusion that the Jailers' conduct was objectively unreasonable so as to shock the conscious of said observer. Any reasonable observer would likewise conclude that this conduct constituted an arbitrary and capricious exercise of governmental power. This conduct constitutes excessive force in violation of the due process clause of the Fourteenth

Amendment and one or more of the Defendants are liable to the Plaintiff for his damages resulting from the use of excessive force.

31. The due process clause of the Fourteenth Amendment prohibits Defendants Hamilton County and Hammond from having any custom, policy, or procedure which would constitute the proximate cause of their jailers' deprivation of any citizen's constitutional rights. Where such a custom, policy, or procedure has resulted in their jailers' deprivation of the citizen's constitutional rights under Title 42 of the United States Code § 1983, sovereign immunity is removed, thereby allowing the citizen to recover his damages in a suit against the County.

32. Upon information and belief, Defendants Hamilton County and/or Hammond are liable to the Plaintiff pursuant to 42 U.S.C. § 1983, based on its history of prior incidents where their jailers used excessive force against inmates; said history of similar incidents constitutes a custom thereby rendering the County liable.

33. Upon information and belief, Defendants Hamilton County and/or Hammond failed to adequately train their jailers for proper tactics and procedures when transporting an inmate to a cell. Further, Defendants Hamilton County and/or Hammond failed to adequately train their jailers to obtain and provide necessary medical care and treatment.

34. In this case the use excessive force by one or more of the Jailers against the Plaintiff is evidence of a complete lack of training in proper procedure and methods.

35. Defendants Hamilton County and/or Hammond are liable to the Plaintiff because their customs, policies, and procedures were the proximate cause of the Jailers' deliberate indifference to the Plaintiff's constitutional right to be free from the use of excessive force.

36. Plaintiff therefore sues Hamilton County and the individual Defendants and seeks the following relief:

    (a) Economic damages for the cost of past and future medical care, lost wages, loss of earning capacity, and non-economic damages for pain and suffering, mental and emotional anguish, permanent impairment and disabilities, and loss of enjoyment of life;

    (b) Attorney's fees pursuant to 42 U.S.C. § 1988;

    (c) Discretionary costs; and

    (d) Court costs.

### **TENNESSEE CODE ANNOTATED § 29-20-202, et seq. (TGTLA – negligence)**

37. Plaintiff hereby incorporates the preceding paragraphs of the Complaint, as if set forth fully herein.

38. Defendants Hamilton County and/or Hammond were at all times hereto responsible for the operation and the supervision of the Hamilton County Jail and the jailers, including the Defendants collectively referred to as "the Jailers".

39. Pursuant to the Tennessee Governmental Tort Liability Act, Defendant Hamilton County, Defendant Hammond, and the Jailers owed the Plaintiff a duty to not use excessive force on him, and to provide adequate medical care while he was detained.

40. These Defendants breached these duties of care as set forth herein, and are therefore liable to the Plaintiff pursuant to the TGTLA.

41. These Defendants are negligent per se for violating Tennessee Code Annotated § 41-2-109(5).

42. These Defendants' breaches of the duties noted herein proximately caused the Plaintiff's injuries and damages.

43. Plaintiff sues these Defendants under the TGTLA for these reasons, and all reasons previously set forth herein, and seeks money damages for all categories previously set forth herein, *supra*, in the maximum amount allowed under said law.

## NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

44. Plaintiff incorporates by reference the foregoing paragraphs of the Amended Complaint, the same as if set forth fully herein.

45. The aforementioned actions and/or inactions by the Defendants were made negligently, and/or intentionally.

46. The aforementioned actions and/or inactions by the Defendants were so outrageous that they should not be tolerated by civilized society.

47. The aforementioned actions and/or inactions by the Defendants resulted in serious and/or severe mental/emotional injuries to the Plaintiff.

## NEGLIGENT HIRING, TRAINING, SUPERVISION AND RETENTION

48. Plaintiff incorporates by reference the foregoing paragraphs of the Amended Complaint, as if set forth fully herein.

49. Defendants Hamilton County and/or Hammond owed a duty of care to the Plaintiff to properly, hire, train, supervise, and retain employees.

50. Defendants Hamilton County and/or Hammond breached their duties by negligently hiring, training, supervising, and retaining employees, including the Jailers because the Defendants Hamilton County and/or Hammond had knowledge and/or should have had knowledge of their unfitness for the job, and thus was foreseeable to the Defendants. Said unfitness for said job created a danger of harm for the Plaintiff, which the Defendant Hamilton County and/or Defendant Hammond knew or should have known.

11

51. In addition, the injuries inflicted on the Plaintiff were proximately caused by the negligent acts and/or omissions of supervisory personnel due to their failure to take reasonable precautions, and the foreseeable risk when Defendants were in complete charge of the work being performed by the individually named jailers.

52. Defendant Hamilton County's and/or Defendant Hammond's negligent hiring, training, supervising, and retention of their employees proximately caused the Plaintiff to suffer injuries and losses.

## GROSS NEGLIGENCE, INTENTIONAL, WILLFUL, RECKLESS, AND WANTON MISCONDUCT ON THE PART OF ALL DEFENDANTS

53. Plaintiff incorporates by reference all of the preceding paragraphs of the Amended Complaint, the same as if set forth fully herein.

54. That in placing the Plaintiff in the custody of Defendants, Defendants owed Plaintiff a duty to make reasonable effort to care for him in a reasonable and prudent manner, to exercise due care and caution, and in such operation as the rules of common law requires, and in accordance with the customs, policies, and procedures of Defendants Hamilton County and/or Hammond.

55. Notwithstanding the aforementioned duties, Defendants undertook custody of the Plaintiff in an extremely careless, grossly negligent, reckless, willful, wanton, criminal, malicious, and intentional manner, without concern for his safety, and failed to render appropriate conditions for the Plaintiff when obvious risk factors were present, which were known or should have been known by the Defendants.

56. That as a further and direct proximate result of the conduct of the Defendants, individually and as agents of Hamilton County, due to their acts and omissions, violated the

12

Plaintiff's constitutional rights by directly and proximately causing the injuries and permanent nature of the Plaintiff's injuries.

57. That as a further and direct proximate result of the conduct of the Defendants, due to their acts and omissions, violated the Plaintiff's constitutional rights by directly and proximately causing the injuries and conscious and unnecessary pain and suffering of the Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demand judgment against the defendants for $900,000, for his discretionary costs, expenses, attorney fees, clerk's costs and for a jury to try this cause.

This the 15th day of May, 2018.

/s/ Beverly D. Nelms
Beverly D. Nelms (BPR No. 16055)
James E. Wagner (BPR No. 11719)
**FRANTZ, MCCONNELL & SEYMOUR, LLP**
P.O. Box 39
Knoxville, TN 37901
(865) 546-9321
Attorneys for Plaintiff, Roy Lyonell Elsea

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and exact copy of the foregoing document has been served this 15th day of May, 2018, upon all counsel or parties as listed below at interest in this cause by delivering a true and exact copy to the offices of said counsel or parties or by placing a copy in the United States mail addressed to said counsel or parties at his/her office, with sufficient postage to carry it to its destination, or by special overnight courier; if the foregoing document has been electronically filed with the Court, this service has been made only upon counsel or parties to whom the Court does not furnish electronic copies of filings.

R. Dee Hobbs, Esq.
Hamilton County Attorney's Office
625 Georgia Avenue, Suite 204
Chattanooga, TN 37402

/s/ Beverly D. Nelms
Beverly D. Nelms
**FRANTZ, McCONNELL & SEYMOUR, LLP**

S:\WDOX\CLIENTS\7491\0000001\COMPLAIN\01696469.DOCX

14

Case 1:17-cv-00176-TRM-SKL   Document 34   Filed 05/15/18   Page 14 of 14   PageID #: 258